Wallace T. Boyack (Utah Bar No. 0404)
Boyack Ashton LC
2290 East 4500 South, Suite 130
Salt Lake City, Utah 84117
Tel. No. (801) 278-9925

Talivaldis Cepuritis
Joseph M. Kuo
Olson & Hierl, Ltd.
20 North Wacker Drive
36th Floor
Chicago, Illinois 60606
Tel. No. (312) 580-1180

      Attorneys for Plaintiff
      NEXMED HOLDINGS, INC.

FILED
U.S. DISTRICT COURT

2006 DEC -8  P 1: 39

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BETA TECHNOLOGIES, INC., a Utah Corporation, and CHESTER HEATH, an individual,<br><br>    Defendants. | Judge Tena Campbell<br>DECK TYPE: Civil<br>DATE STAMP: 12/08/2006 @ 13:39:58<br>CASE NUMBER: 2:06CV01014 TC<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,133,352 AND UNITED STATES PATENT NO. 6,083,250**<br><br>JURY DEMANDED |

      Plaintiff, for its complaint of patent infringement, herein alleges as follows:

**Jurisdiction and Venue**

      1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a), 35 U.S.C. §§ 271 and 281, in that this is an action for patent infringement.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the defendants reside or may be found in this judicial district.

## Parties

3. Plaintiff, NexMed Holdings, Inc. ("NexMed"), is a corporation organized under the laws of the State of Delaware, having its principal place of business at 89 Twin Rivers Drive, East Windsor, New Jersey 08520.

4. Defendant, Beta Technologies, Inc ("Beta"), is a corporation incorporated under the laws of the State of Utah, having its principal place of business in the State of Utah at 490 E. Buckley Avenue, Springville, Utah 84663-2070.

5. Beta is engaged in the business of marketing and selling, at least, apparatus for performing a method of treating herpes simplex under the name "Cold Sore Inhibitor."

6. On information and belief, Chester Heath is the President and Chief Executive Officer of Beta Technologies, Inc., resides at 490 E. Buckley Avenue, Springville, Utah 84663, controls, and is the alter ego for Beta Technologies, Inc.

## Count I - Patent Infringement of U.S. Patent No. 5,133,352

7. On July 28, 1992, United States Patent No. 5,133,352 (the "'352 Patent") entitled "Method for Treating Herpes Simplex" was duly and legally issued to Peter H. Lathrop and Steve K. Johnston. A copy of the '352 Patent is attached hereto and made part hereof as Exhibit A.

8. NexMed is, by assignment recorded with the United States Patent and Trademark Office at Reel 008559, Frame 0983, on June 18, 1997, the sole owner of the entire right, title and interest in and to the '352 Patent and the invention disclosed and claimed therein, and has the sole right to sue and recover for its infringement.

9. On July 4, 2000, United States Patent No. 6,083,250 (the "'250 Patent") entitled "Apparatus and Method for Inhibiting Lesion Formation by Selectively Treating the Prodormal Stage of the Lesion With a Pulsatile Electrical Stimulation" was duly and legally issued to Peter H. Lathrop. A copy of the '250 Patent is attached hereto and made part hereof as Exhibit B.

10. NexMed is, by assignment recorded with the United States Patent and Trademark Office at Reel 7973, Frame 0737, on April 17, 1996, the sole owner of the entire right, title and interest in and to the '250 Patent and the invention disclosed and claimed therein, and has the sole right to sue and recover for its infringement.

11. On information and belief, Beta and Heath have sold the Cold Sore Inhibitor to users in this District and elsewhere.

12. On information and belief, Beta and Heath are instructing users to use the Cold Sore Inhibitor to perform the method claimed in the '352 Patent and/or the '250 Patent.

13. On information and belief, the method claimed in the '352 Patent and/or the '250 Patent is practiced in this District and elsewhere throughout the United States by purchasers of the Cold Sore Inhibitor sold by Beta and Heath.

14. On information and belief, defendant Beta and defendant Chester Heath, with actual knowledge of the '352 Patent and/or the '250 Patent, have willfully and deliberately induced and continue to willfully and deliberately induce others to infringe the '352 Patent and/or the '250 Patent through its sales of the Cold Sore Inhibitor.

15. On information and belief, Beta and Heath will continue to induce others to infringe the '352 Patent and/or the '250 Patent unless enjoined by this Court.

16. NexMed, by reason of Beta's and Heath's inducement of others to infringe the '352 Patent and/or the '250 Patent, has suffered damage in an amount not yet determined and will suffer

3

additional irreparable damage and impairment of the value of its patent rights unless Beta and Heath are enjoined by this Court from continuing its inducement of infringement of the '352 Patent and/or the '250 Patent.

17. Beta's and Heath's acts of inducing infringement by others have been and are being committed with full knowledge of NexMed's rights under the '352 Patent and/or the '250 Patent, and with willful and wanton disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

WHEREFORE, Plaintiff prays that:

(a) Defendants be adjudged to have induced infringement of the '352 Patent;

(b) A preliminary and permanent injunction issue restraining and enjoining said Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with them, and each of them, from further inducement of infringement of the '352 Patent;

(c) Defendants be ordered to account for damages adequate to compensate Plaintiff for Defendants' inducement of infringement of the '352 Patent, together with prejudgement interest;

(d) Defendants be adjudged to have induced infringement of the '250 Patent;

(e) A preliminary and permanent injunction issue restraining and enjoining said Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with them, and each of them, from further inducement of infringement of the '250 Patent;

(f) Defendants be ordered to account for damages adequate to compensate Plaintiff for Defendants' inducement of infringement of the '250 Patent, together with prejudgement interest;

(g) Such damages be trebled by the Court pursuant to 35 U.S.C. § 284, by reason of the willful, wanton and deliberate nature of such inducement of infringement;

(h) This be decreed an "exceptional case" within the meaning of 35 U.S.C. § 285, and reasonable attorney's fees be awarded to NexMed Holdings, Inc.;

(i) Costs be awarded to NexMed Holdings, Inc.; and

(j) NexMed Holdings, Inc. be granted such other and further relief as the Court may deem proper under the circumstances.

DATED this 7th day of December, 2006.

Respectfully submitted,

/s/ Wallace T. Boyack
Wallace T. Boyack (Utah Bar No. 0404)
BOYACK ASHTON LC
2290 East 4500 South, Suite 130
Salt Lake City, Utah 84117
Tel. No. (801) 596-3337

Attorney for Plaintiff NEXMED HOLDINGS, INC.