IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., a Delaware corporation,<br><br>    Plaintiff,<br>vs.<br><br>BETA TECHNOLOGIES, INC. a Utah corporation, and CHESTER HEATH, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO AMEND ANSWER**<br><br>Civil Action No.:  2:06CV01014  TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants move to amend their answer.[1] The proposed amended answer[2] is significantly longer than the original answer.[3] The proposed amended answer is more direct in its denials and admissions, removing ambiguity caused by responses "on information and belief" or denials caused by a lack of information.[4] These clarifications are helpful.

However, the proposed amended answer is also more voluminous, proposing to raise many defenses which Plaintiff claims fail as a matter of law. "Defendants' ninth, eleventh, twelfth, fourteenth and sixteenth affirmative defenses are all futile, and should not be permitted."[5] The Fourteenth Affirmative Defense[6] has such a legal defect in asserting that a separate case in this court was itself a wrongful act and that the judgment in that case is void.

---

[1] Motion to Amend Answer, docket no. 83, filed October 26, 2007.
[2] Attached to Motion to Amend Answer as docket no. 83-3.
[3] Docket no. 20, filed March 6, 2007.
[4] Compare paragraphs 4 and 6-9 of the earlier answer with the proposed amended answer.
[5] MexMed's Opposition to Defendants' Motion to Amend Answer (Opposition), at 2, docket no. 91, filed November 15, 2007.
[6] ¶¶ 42-58 of the proposed amended answer.

Therefore those allegations must be stricken, as shown in the redaction attached to this order, in the filed amended answer.

Plaintiff complains about style, contending "factual allegations [are] disguised as indeterminate affirmative defenses"[7] and that the "proposed additions are mere attorney arguments based on their interpretation of events,"[8] which "parrots allegations from one or more of Defendants' summary judgment motions."[9] Plaintiff also complains of the "stream of consciousness style . . . [that] repeats the same defense in two or three different places;"[10] a "seemingly random recitation of statements;"[11] "a confusing jumble of allegations;"[12] that "[m]ost of Defendants' proposed defenses are retreads from in the original answer;[13] and it repeats the same defense in two or three different places."[14] One attorney's art may be another attorney's abomination, so the magistrate judge declines to employ literary criticism to strike defenses. While the document may be confusing, it is not unusual that a pleading will require development and clarification.

Plaintiff also claims that there is some improper material in the proposed amended answer. "Defendants' *ad hominem* [sic] levied against NexMed and its counsel, which are woven throughout its proposed answer, violate Utah's Standards of Professionalism and Civility, and should be stricken."[15] Plaintiff failed, however, to direct the court to any such allegations, and the court could not find them in its reading.

---

[7] Opposition at 7.
[8] *Id.* at 1.
[9] *Id.* at 6.
[10] *Id.*
[11] *Id.* at 8.
[12] *Id.*
[13] *Id.* at 6.
[14] *Id.*
[15] *Id.* at 8.

Finally, plaintiff has substantial arguments about the merits of many of the other affirmative defenses. While it is true that a futile pleading should not be permitted, the significant debate on these points persuades the magistrate judge to allow the amendment subject to motion to strike, or more likely, refinement in the pretrial process.

**ORDER**

IT IS HEREBY ORDERED that defendants' motion to amend answer is GRANTED IN PART as stated herein.

Dated this 28th day of December 2007.

BY THE COURT:

_____
David Nuffer    United States Magistrate Judge