IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., a Delaware corporation,<br><br>       Plaintiff,<br>vs.<br><br>BETA TECHNOLOGIES, INC. a Utah corporation, and CHESTER HEATH, an individual,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO AMEND ANSWER**<br><br>Civil Action No.: 2:06CV01014 TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants move to amend their answer.[1] The proposed amended answer[2] is significantly longer than the original answer.[3] The proposed amended answer is more direct in its denials and admissions, removing ambiguity caused by responses "on information and belief" or denials caused by a lack of information.[4] These clarifications are helpful.

However, the proposed amended answer is also more voluminous, proposing to raise many defenses which Plaintiff claims fail as a matter of law. "Defendants' ninth, eleventh, twelfth, fourteenth and sixteenth affirmative defenses are all futile, and should not be permitted."[5] The Fourteenth Affirmative Defense[6] has such a legal defect in asserting that a separate case in this court was itself a wrongful act and that the judgment in that case is void.

---

[1] Motion to Amend Answer, docket no. 83, filed October 26, 2007.
[2] Attached to Motion to Amend Answer as docket no. 83-3.
[3] Docket no. 20, filed March 6, 2007.
[4] Compare paragraphs 4 and 6-9 of the earlier answer with the proposed amended answer.
[5] MexMed's Opposition to Defendants' Motion to Amend Answer (Opposition), at 2, docket no. 91, filed November 15, 2007.
[6] ¶¶ 42-58 of the proposed amended answer.

Therefore those allegations must be stricken, as shown in the redaction attached to this order, in the filed amended answer.

Plaintiff complains about style, contending "factual allegations [are] disguised as indeterminate affirmative defenses"[7] and that the "proposed additions are mere attorney arguments based on their interpretation of events,"[8] which "parrots allegations from one or more of Defendants' summary judgment motions."[9] Plaintiff also complains of the "stream of consciousness style . . . [that] repeats the same defense in two or three different places;"[10] a "seemingly random recitation of statements;"[11] "a confusing jumble of allegations;"[12] that "[m]ost of Defendants' proposed defenses are retreads from in the original answer;[13] and it repeats the same defense in two or three different places."[14] One attorney's art may be another attorney's abomination, so the magistrate judge declines to employ literary criticism to strike defenses. While the document may be confusing, it is not unusual that a pleading will require development and clarification.

Plaintiff also claims that there is some improper material in the proposed amended answer. "Defendants' *ad hominem* [sic] levied against NexMed and its counsel, which are woven throughout its proposed answer, violate Utah's Standards of Professionalism and Civility, and should be stricken."[15] Plaintiff failed, however, to direct the court to any such allegations, and the court could not find them in its reading.

---

[7] Opposition at 7.
[8] *Id.* at 1.
[9] *Id.* at 6.
[10] *Id.*
[11] *Id.* at 8.
[12] *Id.*
[13] *Id.* at 6.
[14] *Id.*
[15] *Id.* at 8.

Finally, plaintiff has substantial arguments about the merits of many of the other affirmative defenses.  While it is true that a futile pleading should not be permitted, the significant debate on these points persuades the magistrate judge to allow the amendment subject to motion to strike, or more likely, refinement in the pretrial process.

## ORDER

IT IS HEREBY ORDERED that defendants' motion to amend answer is GRANTED IN PART as stated herein.

Dated this 28th day of December 2007.

BY THE COURT:

_____
David Nuffer    United States Magistrate Judge

Exhibit to Order of Decembe 28, 2007 Granting in Part Motion to Amend Answer
Nexmed Holdings, Inc., v. Beta Technologies, Inc.   2:06 CV 1014  TC DN

## FOURTEENTH AFFIRMATIVE DEFENSE

42. Based upon the Plaintiff's violations of 37 CFR § 1.555 ~~and conduct before the Utah Federal District Court~~, the Plaintiff is guilty of both wrongful procurement of patent rights (one form of patent misuse) and wrongful enforcement of patent rights, in this case ~~and in the 0288 case~~ (another form of patent misuse).  The wrongful procurement renders the '352 patent unenforceable and invalid.

43. ~~In the judgment (copy attached as Exhibit "H") in the 0288 case, NexMed caused original claims 5, 6 and 7 of the '352 patent, to be declared "not invalid", without the benefit of adjudication of invalidity based on prior art under 35 USC § 102 and § 103.  Claim 5 per se was~~

9

~~found to be unpatentable (invalid) in the re-examination and required amendment. More specifically, claims 5 and 7 were held to be patentable in the re-examination only because of the probe or electrode spacing limitation. Claim 6 was cancelled so it became moot, both in terms of the 0288 case and the above-identified litigation. Original claim 6, having been cancelled, cannot be sustained as "not invalid", because it does not exist.~~

44. ~~NexMed knew or should have known that the inclusion of "not invalid" in the 0288 judgment was in error, yet persuaded the Court to erroneously sign the 0288 judgment.~~

45. ~~NexMed failed to bring to the attention of the 0288 Court the requirement to have claim construction under the *Markman* holding and NexMed succeeded in obtaining adjudication of the issue of infringement of the now invalidated, mooted or invalid claims 5, 6 and 7, without the benefit of claim construction as mandated by the *Markman* holding.~~

46. ~~At the time of trial in the 0288 case, NexMed presented no proof that the accused method actually treats herpes and no proof that the '352 method and device is useful and works at all, much less as prescribed by the '352 specification and its PH and RPH.~~

47. ~~Only a technical expert testified, first disclaiming any medical expertise and then testifying as to the voltage and current levels of the accused device, without testifying as to what DC current does to the patient and what it means in the '352 patent, as determined by the specification, PH and RPH.~~

48. ~~There was no human use testimony presented at trial by any witness as to literal infringement of original claims 5, 6 and 7. Yet literal and induced infringement was found, as was willful infringement, the same being included in the 0288 judgment.~~

49. ~~In the 0288 trial, there was no testimony concerning irreparable harm, and no pleading in support of irreparable harm. On no occasion has NexMed produced the '352 device~~

~~for use of its method and, therefore, there could be no irreparable harm. Nevertheless, a permanent injunction was obtained and included in the 0288 judgment, wrongfully by NexMed. All relief contained in the 0288 judgment is now void given the invalidity of original claims 5 and 7 and mooted claim 6.~~

~~50. Knowing that the Defendants, Beta and Heath, and SkyMall were not acting on behalf of or in concert with the 0288 Defendants, NexMed, nevertheless, under the guide of legitimatizing falsely the inappropriately obtained 0288 judgment, asserted the judgment against SkyMall in regard to the Defendants' device. See attached Exhibit "I." Specifically, the judgment states:~~

> ~~…[those] who receive actual notice of…[the 0288] judgment by personal service is contained within the judgment.~~

~~51. While acting to include SkyMall within the judgment, NexMed knew well that SkyMall was outside the judgment as was true of Heath and Beta, neither acting on behalf of or in concert with the 0288 Defendants.~~

52. The Exhibit "I" letter is not a cease and desist letter. NexMed's motivation was to interfere with ongoing sales by SkyMall of the Defendants' device.

53. The foregoing conduct on the part of NexMed resulted in breach by SkyMall of its Beta agreement and substantial loss of business.

54. NexMed has failed to mitigate the damages caused by the Exhibit "I" letter ~~and has failed to return to the 0288 Court after re-examination to address the flaws contained in the 0288 judgment, as pointed out above. NexMed wrongfully continues to enforce and attempt to enforce the 0288 judgment against the 0288 Defendants, even though NexMed knows the 0288 judgment is void.~~

11

55. The present suit on the '352 patent (in regard to asserted re-examined claims 5, 7, 10 and 13) was filed prior to the conclusion of the re-examination of the '352 patent in the United States Patent Office.

56. In the absence of the spacing limitation (of the electrodes or probes) none of the claims litigated in the 0288 case (original claims 5, 6 and 7) are patentable. The spacing is old, being disclosed by the Swartz reference and was surrendered in respect to the Clarke reference in the PH, NexMed concealing both the disclosure in Swartz and the surrender in respect to Clarke during the course of the re-examination. NexMed also did not disclose that the '352 device and its method are not useful under 35 USC § 101.

57. The spacing limitations in the asserted claims do not render them patentable given the surrendering of the spacing and the showing of the spacing in Swartz. Nevertheless, NexMed continues to prosecute the asserted claims in the above-identified matter, in bad faith, which has caused Heath, a retired registered professional engineer and 30 year electrical and electronic professor, to spend all of his available money and to mortgage his home in order to pay costs being imposed in bad faith by NexMed.

58. Furthermore, Heath is sick with a terminal illness which causes fatigue, pain and lethargy, among other things.