# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>BETA TECHNOLOGIES, INC. a Utah corporation, and CHESTER HEATH, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO STRIKE EXPERT REPORT AND EXCLUDE TESTIMONY**<br><br>Civil Action No.: 2:06CV01014 TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

In a bold move, Defendants have apparently designated Lynn Foster, their former litigation counsel, as an expert witness.[1] Foster appeared in this case at its inception[2] and wihtdrew a little over a year ago.[3]

In his expert report[4] under the heading "SUBJECT MATTER BROADLY OF TESTIMONY," Foster states that his engagement " . . . involves (a) the factual evidence of record; (b) relevant case law, statutory law and regulatory law, and (c) legal conclusions relevant to the substantive issue of this case predicated upon the pleadings contained in the Complaint and the Amended Answer and the facts of record, among other things."[5] Plaintiff has filed a motion to strike the report and exclude any testimony by this expert witness.[6]

---

[1] The magistrate judge could not find a formal designation of Mr. Foster in the docket.

[2] Docket no. 4, filed January 3, 2007.

[3] Docket no. 189, filed May 12, 2008.

[4] Rule 26(a)(2)(B) Expert Report of Lynn G. Foster (Expert Report), docket no. 249, filed May 29, 2009.

[5] *Id.* at 2.

[6] Nexmed's Motion to Strike the Expert Report of Lynn G. Foster and Exclude Foster's Testimony at Trial, docket no. 251, filed June 11, 2009.

**Applicable Standards**

Federal Rule of Evidence 702[7] requires that an expert's testimony be based upon sufficient facts; that the testimony be the result of reliable methods; and that the witness reliably apply the principles or methods to the current facts. The Court is to make the determination of admissibility and is to perform an inquiry as to the reliability and qualifications of the expert. This inquiry is to be flexible and adapted to the circumstances at hand.[8] This analysis applies where the expert relies on skill or experience.[9]

**This Expert**

Defendants summarize the expert's qualifications as two-fold, involving legal and engineering skills: "Mr. Foster is not only extensively experienced in the area of patent law, trademarks and intellectual property licensing, but Mr. Foster is a registered professional engineer and has extensive training and experience in the technical aspect of medical patents."[10]

The first basis for his qualifications – his legal expertise – is not a valid reason to involve him as an expert witness. "Allowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand."[11] "Simply put, testimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive

---

[7] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

[8] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 594 (1993).

[9] *Kuhmo Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999).

[10] Opposition to Nexmed's Motion to Strike the Expert Report of Lynn G. Foster and Exclude Foster's Testimony at Trial (Opposition Memorandum) at 4, docket no. 253, filed June 29, 2009.

[11] *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1364-65 (Fed. Cir. 2008).

province of the court, it cannot be helpful to the jury."[12] The dangers of allowing an invested advocate to testify on matters of law or fact far outweigh any potential benefit of such testimony.

The dangers of former counsel as an expert are illustrated by the breadth of Foster's report. As examples of the problems in his report:

- He construes documents and recites opening statements and the contents of legal documents.[13]

- He argues the application of law to the facts[14] and purports to testify on the law, but is really arguing the case.[15]

- The report also purports to opine on ownership.[16]

- He summarizes prior litigation and its impact on the legal issues in this case.[17]

- He offers conclusions on the application of laches, and deficiency in evidence.[18]

The foregoing list and footnoted citations are only *illustrative* of the problems with the report and apparent intended testimony.

While it is true that patent lawyers might also be able to testify "in contexts other than noninfringement and invalidity, such as patent office practice and procedure,"[19] that is not what Foster is doing. Foster continues his role as advocate by arguing, commenting, and summarizing in areas totally unconnected to his expertise as an engineer. He even offers opinions on market issues and damages.[20]

---

[12] *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F.Supp. 2d 252, 255 (W.D.N.Y. 2000).

[13] Expert Report ¶¶ 41-44.

[14] *Id.* ¶¶ 47-52.

[15] *Id.* ¶¶ 56-67.

[16] *Id.* ¶¶ 68-81.

[17] *Id.* ¶¶ 82-88.

[18] *Id.* ¶¶ 89-93.

[19] Opposition Memorandum at 6, quoting *Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

[20] Expert Report ¶¶ 19-26.

However, Foster's engineering background may be helpful. In describing these engineering-related issues, Defendants state that

> the technical area [at issue in the case] is really nothing more than a 9 volt battery which is low tech and involves simplistic non-complicated science. . . . [The issue is] delivery of low voltage direct current into the body using two spaced probes, and the comparative analysis of the Plaintiff's device and the Defendants' device as to similarities and dissimilarities of the functional delivery of low voltage currents.[21]

By stating that the science involved is really "low tech" and "simplistic," the court is left to wonder if the issues are really within the province of a jury, making expert testimony unnecessary. The recitation of Foster's engineering qualifications is so brief that the magistrate judge could not determine whether his engineering expertise pertains to this subject matter. But if he can provide "comparative analysis" of the parties' devices and their delivery of low voltage currents, there may be value in the expert's report and testimony.

The expert has not yet been tested by deposition and ultimate admissibility depends on issues as shaped at trial, which is not yet evident. Therefore, any determination of positive applicability or admissibility would be premature, even though it is now possible to determine what is clearly not useful or permissible.

For guidance to the parties, the magistrate judge has stricken the parts of the report for which Foster's expert testimony would be inappropriate under Rule 702 and prejudicial, misleading, or confusing under Fed. R. Evid. 403.[22] That does not leave much. But rather than strike the witness entirely, the order permits amendment of the report at Defendants' option.

---

[21] Opposition Memorandum at 4, n.1.

[22] Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

**ORDER**

IT IS HEREBY ORDERED that the motion is GRANTED IN PART.

IT IS FURTHER ORDERED that within ten calendar days of this order, Defendants shall file a statement of intention to use or not use this expert witness. In the event Defendants elect to use this expert witness, within twenty-one calendar days of this order, the expert witness shall prepare a revised report entirely omitting the portions of the expert report which are redacted in the attachment to this order.

IT IS FURTHER ORDERED that any testimony at trial by this expert witness shall be confined to the revised expert report.

Dated this 20th day of July 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge