# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXMED HOLDINGS, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>BETA TECHNOLOGIES, INC. a Utah corporation, and CHESTER HEATH, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO STRIKE EXPERT REPORT AND EXCLUDE TESTIMONY**<br><br>Civil Action No.: 2:06CV01014 TC DN<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants have designated Chester Heath, a Defendant in this case, as an expert witness. Defendants state that as "a trained engineer and an expert in the biomedical field," Mr. Heath is qualified to testify as to pertinent science relating to the matter and patent issues.[1] Plaintiff has filed a motion to strike portions of the report and exclude any testimony by this expert witness.[2] Because the opinions in Mr. Heath's Expert Report[3] extend well outside his expertise and do not comply with the pre-requisites for admission of expert testimony, the motion is GRANTED IN PART.

## Applicable Standards

Federal Rule of Evidence 702[4] requires that an expert's testimony be based upon sufficient facts; that the testimony be the result of reliable methods; and that the witness reliably

---

[1] Opposition to Motion to Strike Portions of the Expert Report of Chester Heath and Exclude Mr. Heath's Testimony at Trial (Opposition Memorandum) at 4, docket no. 257, filed July 20, 2009.

[2] Plaintiff's Motion to Strike Portions of the Expert Report of Chester Heath and Exclude Mr. Heath's Testimony at Trial, docket no. 255, filed July 2, 2009.

[3] Expert Report of Chester Heath (Expert Report), docket no. 250, filed May 29, 2009.

[4]   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or

apply the principles or methods to the current facts. The court is to make the determination of admissibility and is to perform an inquiry as to the reliability and qualifications of the expert. This inquiry is to be flexible and adapted to the circumstances at hand.[5] This analysis applies where the expert relies on skill or experience.[6]

The court must be satisfied that an expert is qualified, and that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact.[7] In a determination of the admissibility of an expert's opinion, the court must first decide if the expert is qualified to provide an opinion "by knowledge, skill, experience, training or education."[8] If the expert is found sufficiently qualified, the court will then assess the reliability of methods employed through an evaluation of the fundamental reasoning and methodology of the expert's opinion, as set forth in *Daubert*.[9] If the expert is qualified and the opinion reliable, the court will then consider additional factors to determine whether testimony will assist the fact finder, including whether (1) the testimony is relevant, (2) it is within the juror's common knowledge and experience, and (3) it will usurp the juror's role of evaluating a witness's credibility.[10] The

---

education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

[5] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 594 (1993).

[6] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999).

[7] Fed. R. Evid. 702.

[8] *Id.*, *see United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3559 (U.S. Mar. 20, 2009)(No. 08-1172).

[9] *Nacchio*, 555 F.3d at 1241.

[10] Memorandum in Support of Plaintiff's Motion to Strike Portions of the Expert Report of Chester Heath and Exclude Mr. Heath's Testimony at Trial at 3-4, docket no. 256, filed July 2, 2009, (citing *Daubert,* 509 U.S. at 591; *United States v. McDonald* 933 F.2d 1519, 1522 (10th Cir. 1991);*United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999)).

question at the essence of the analysis in *Daubert* is "whether [the] reasoning or methodology properly can be applied to the facts in issue."[11]

## This Expert

Defendants describe Heath as "both a trained engineer and an expert in the biomedical field" and state that as such, "he is qualified to testify both on the science pertinent to this matter and on patent issues that are appropriate for expert testimony."[12] While Mr. Heath is thus qualified to render an opinion on technical matters concerning the products involved, many of the matters discussed by Mr. Heath in his expert report are outside of his expertise, or are improper subjects for expert testimony and therefore, are not calculated to assist the trier of fact in understanding the evidence.

The dangers of an expert discussing matters outside of his expertise are illustrated by the breadth of Mr. Heath's report. As examples of the problems in his report:

- He fails to provide complete statements of the opinions he plans to express.[13]

- He usurps matters within the province of the jury, including witness credibility and the application of applicable law to facts.[14]

- He relies on documents that can be admitted into evidence as admissions.[15]

- He states ultimate conclusions and legal opinions he is not qualified to make.[16]

- He neglects to provide a factual basis for opinions by relying on unidentified evidence.[17]

---

[11] *Daubert,* 509 U.S. at 593.

[12] Opposition Memorandum at 4.

[13] Expert Report ¶¶ 2-6.

[14] *Id.* ¶¶ 7-8.

[15] *Id.* ¶ 8.

[16] *Id.* ¶¶ 9, 13-16.

[17] *Id.* ¶ 9.

3

The foregoing list and footnoted citations are only *illustrative* of the problems with the report and apparent intended testimony.

Because Mr. Heath purports to testify on several legal issues that are solely within the province of the Court, and then argues how a jury should decide the issues before it, he is essentially attempting to argue Defendants' case from the witness stand.[18] The dangers of allowing opinion on matters of law or fact far outweigh any potential benefit of such testimony. "Simply put, testimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive province of the court, it cannot be helpful to the jury."[19]

Due to the Defendants' demonstrated proclivity to suggest that experts testify in areas outside of their expertise, any testimony by Mr. Heath must be limited to his opinion of core technical matters concerning the products involved, without wandering afield. Examples of such permissible statements include discussing "the spacing of the probes on the '352 device" and "the Beta device produces and uses a variable DC which is bidirectional not unidirectional."[20] Because such a large majority of Mr. Heath's Expert Report would be inappropriate under Rule 702 and prejudicial, misleading, or confusing under Federal Rule of Evidence 403,[21] the Court strikes the expert report entirely, but permits, at Defendants' option, submission of an appropriate report.

---

[18] *See e.g.*, *Sundance, Inc. v. Demonte Fabricating, Ltd.*, 550 F.3d 1356, 1364-65 (Fed. Cir. 2008).

[19] *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F. Supp. 2d 252, 255 (W.D.N.Y. 2000).

[20] Expert Report ¶¶ 11-12.

[21]   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

**ORDER**

IT IS HEREBY ORDERED that the motion[22] is GRANTED IN PART.

IT IS FURTHER ORDERED that within ten calendar days of this order, Defendants shall file a statement of intention to use or not use this expert witness. In the event Defendants elect to use this expert witness, within twenty-one calendar days of this order, the expert witness shall prepare a new report entirely omitting the portions of the expert report which are unrelated to core technical matters concerning the products involved.

IT IS FURTHER ORDERED that any testimony at trial by this expert witness shall be confined to the revised expert report. The trial court, however, will determine the precise range of testimony of this witness.

Dated this 18th day of August 2009.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[22] Plaintiff's Motion to Strike Portions of the Expert Report of Chester Heath and Exclude Mr. Heath's Testimony at Trial, docket no. 255, filed July 2, 2009.